**Olan Randle ROBISON, Petitioner–Appellant,**

v.

**Gary MAYNARD, Warden, Oklahoma State Penitentiary; Larry Meachum, Superintendent, Department of Corrections, State of Oklahoma; Attorney General, of the State of Oklahoma, Respondents–Appellees.**

**No. 89–6166.**

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1991.

Certiorari Denied Nov. 18, 1991.

See 112 S.Ct. 445.

Randy Alan Bauman, Oklahoma City, Okl., for petitioner-appellant.

Robert H. Henry, Atty. Gen., and Robert A. Nance, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before LOGAN, MOORE and TACHA, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Following our order affirming the district court's denying of habeas corpus relief in this death penalty case, *Robison v. Maynard,* 930 F.2d 922 Unpub.Ord. April 12, 1991, and a subsequent order denying rehearing and rehearing en banc, Ord. May 21, 1991, petitioner filed the instant motion. He seeks further review based upon *Payne v. Tennessee,* —— U.S. ——, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). The motion, brief in support thereof, and the response of the respondent have been transmitted to all of the judges of the court who are in regular active service[1] in accordance with Fed. R.App.P. 35(b). No member of the court having called for a poll on the en banc suggestion, further consideration en banc is denied.

The issue presented here is whether *Payne* requires us to now reverse our previous holding that testimony from a victim's relative that she did not want the jury to impose the death penalty was improper mitigating evidence and inadmissible at the penalty phase hearing, *Robison v. May-*

---

1. Chief Judge Holloway has recused and was not included in the circulation. He has not participated in the determination of this case.

nard, 829 F.2d 1501, 1503–05 (10th Cir. 1987). We believe that it does not.

Petitioner takes the position that our initial determination on the state court's refusal to permit a relative of one of the victims to testify that she did not want the jury to impose the death penalty has been superseded by *Payne*.[2] To support that position, in part, he implies our initial decision rested primarily upon *Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). That implication is inaccurate.

We held that in the context of Oklahoma law, the opinion of a relative of a victim is irrelevant to the jury's determination of whether the death penalty should be imposed. *Robison v. Maynard*, 829 F.2d at 1504–05. We believed that the defendant's right to present mitigating evidence is circumscribed, and the proffered belief of one person did not fall within the ambit of relevant mitigating evidence. *Id.* As collateral support, we also opined that *Booth* supported our conclusion. We did not, however, predicate our holding upon *Booth*. To the contrary, our ultimate conclusion was that the proffered testimony "was calculated to incite arbitrary response [from the jury], thus it was properly excluded...." *Robison v. Maynard*, 829 F.2d at 1505.

Thus, the Court's *Payne* decision reversing *Booth* does not undercut our conclusion unless *Payne* can be read to also reject our entire reasoning on the subject of admissibility. We do not see such a pervasive effect. Moreover, if such an effect were intended by the Court, we believe it would constitute a "new rule" within the context of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Simply put, *Payne* merely put aside the bar to the introduction of and comment upon victim impact evidence which had been created in *Booth* and *South Carolina v. Gathers*, 490 U.S. 805, 109 S.Ct. 2207,

104 L.Ed.2d 876 (1989). The Court did not expand the universe of admissible relevant mitigating evidence established by *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Indeed, in the words of the Chief Justice:

> Our holding today is limited to the holdings of *Booth v. Maryland*, 482 U.S. 496 [107 S.Ct. 2529, 96 L.Ed.2d 440] (1987) and *South Carolina v. Gathers*, 490 U.S. 805 [109 S.Ct. 2207, 104 L.Ed.2d 876] (1989), that evidence and argument relating to the victim and the impact of the victim's death on the victim's family are inadmissible at a capital sentencing hearing. *Booth* also held that the admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence violates the Eighth Amendment. No evidence of the latter sort was presented at the trial in this case.

*Payne v. Tennessee*, — U.S. at —, 111 S.Ct. at 2611 n. 2 (citations omitted). With this circumscription of the Court's holding, we are loath to extend *Payne* as petitioner would like us to do. We cannot agree that *Payne* portends admissibility of any evidence other than that related to the victim and the impact of the victim's death on the members of the victim's family. Nothing said by the Court suggests the Court intended to broaden the scope of relevant mitigating evidence to include the opinion of a victim's family member that the death penalty should not be invoked. Indeed, the last two sentences in the limiting language of the Chief Justice in footnote 2 suggests the opposite result.

We can take cognizance of the Court's rationale that victim impact evidence relates directly to the harm resulting from a defendant's act. The Chief Justice stated:

> Mr. Robison's trial counsel testified he had but one witness, the "sister of one of the victims." *Robison v. Maynard*, 829 F.2d 1501, 1504 n. 4 (10th Cir.1987). Whether there was one witness or more is irrelevant to the present issue.

---

2. In his motion, drawing on an offer made by trial counsel during a hearing held before the penalty phase of the state trial, petitioner suggests more than one such relative was prepared to testify in this vein. Yet, at the evidentiary hearing held upon the federal habeas petition,

Victim impact evidence is simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question, evidence of a general type long considered by sentencing authorities.

*Payne,* —— U.S. at ——, 111 S.Ct. at 2608. In this context, the desire of the victim's relative in no way constitutes relevant evidence because it does not relate to the harm caused by the defendant.

Finally, if *Payne* were to apply as petitioner would have it, we would have to hold it a new rule under *Teague.* If the Court had intended that the opinion of the victim's relative is relevant to the issue of mitigation, the rule would be an expansion upon the concept of relevance established in *Lockett* and *Eddings.*

The stay previously entered is VACATED. The mandate shall issue forthwith.