**Sidney Allen WORTHEN,
Plaintiff–Appellant,**

v.

**Stephen W. KAISER, Warden; Attorney
General, State of Oklahoma,
Defendants–Appellees.**

**No. 91–6170.**

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1992.

Sidney Allen Worthen, pro se.

Before ANDERSON, BARRETT, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Sidney A. Worthen, pro se, appeals from the district court's denial of his second petition for a writ of habeas corpus. Having considered Worthen's brief[1] and the record on appeal, we conclude that the peti-

---

1. Defendants–Appellees did not file an Answer Brief in this appeal. After examining the Appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

tion constitutes an abuse of the writ. Therefore, we exercise jurisdiction under 28 U.S.C. § 1291, grant a Certificate of Probable Cause, and affirm.

In August of 1982, Worthen pled guilty to a charge of first degree murder, for which he was sentenced to life imprisonment by the District Court for Cleveland County, Oklahoma. Following an unsuccessful application for post-conviction relief to the state trial court and the Oklahoma Court of Criminal Appeals, he filed his first petition for a writ of habeas corpus in federal court in 1985. There, he asserted thirty-eight grounds for relief, distilled to two basic claims: (1) his plea was not entered intelligently or voluntarily because of an improper plea procedure and ineffective assistance of counsel based on fraud, duress, and coercion, and (2) various pretrial procedural errors. The district court denied relief on the alternative grounds of procedural default and meritless claims. *Worthen v. Meachum,* No. 85–2447–W (May 21, 1986), R., Doc. 13, Ex. B. We affirmed, determining that even though the district court had applied the incorrect standard in evaluating Worthen's procedural default, Worthen's plea was nevertheless voluntary. *Worthen v. Meachum,* 842 F.2d 1179 (10th Cir.1988).

Worthen again applied to the state trial court for post-conviction relief on various grounds, including his incompetency to enter a guilty plea, denial of a post-examination competency hearing, and ineffective assistance of counsel based on counsel's failure to investigate an alibi defense, on counsel's failure to examine Worthen's mental health records, and on an unspecified conflict of interest. The state trial court denied relief. The state court of criminal appeals affirmed, after noting that the proper procedure would have been to request an appeal of his conviction out of time, rather than to file the second and subsequent application for post-conviction relief. *Worthen v. State,* No. PC–90–0564 (June 13, 1990), R., attach. to Doc. 9.

Worthen filed this second petition for a writ of habeas corpus on January 7, 1991, alleging that the state violated his due process and equal protection rights when it failed to make a determination of his competency prior to accepting his guilty plea and when it failed to grant him the post-examination hearing required by state statute. Worthen further asserts ineffective assistance of counsel based on his attorney's representation of a beneficiary of the murder victim's life insurance policy.

Respondents moved to dismiss Worthen's petition as an abuse of the writ, under Rule 9, Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. Respondents argued that the claims brought in this appeal [2] are new claims not raised in Worthen's first federal habeas petition and that Worthen had no excuse for not raising them in his prior petition. The district court ordered Worthen to explain why his petition deserved reconsideration and why the new grounds he asserts in the present petition were not raised in the earlier petition. Worthen responded (1) he had been unaware of the law applicable to his claim of ineffective assistance of counsel and (2) the law pertaining to his right to a post-examination hearing had changed since the prior petition was filed.

The district court ruled that the issue of ineffective assistance of counsel had been resolved against Worthen in the prior habeas proceeding, but did not consider the specific ground of conflict of interest raised here. After noting that the motion to dismiss as an abuse of the writ was well founded, the district court ruled that there was no bona fide doubt raised as to Worthen's competency to enter a plea. Finally, the district court held that the state's failure to hold a post-examination hearing was not cognizable in federal habeas proceedings because the claim was governed by state law and did not implicate federal constitutional rights. The federal district court did not address Worthen's equal pro-

**2.** Worthen does not pursue here all of the claims raised in the district court. Some of his claims were dismissed as successive, pursuant to *Coleman v. Saffle,* 869 F.2d 1377 (10th Cir. 1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1835, 108 L.Ed.2d 964 (1990). R., Doc. 18, at 2–4.

tection claim based on post-examination hearing practices of the Oklahoma courts.

■ We may not consider the district court's ruling on the merits if it is based on claims constituting an abuse of the writ. *Rodriguez v. Maynard,* 948 F.2d 684, 686 (10th Cir.1991) (citing *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 1572, 113 L.Ed.2d 517 (1991)). The preliminary question is whether Worthen's presentation of these claims for the first time in his second federal habeas petition is an abuse of the writ. *Id.* A petition for a writ of habeas corpus may be dismissed under 28 U.S.C. § 2244(b)[3] or 28 U.S.C. § 2254, Rule 9(b).[4] *Id.; accord Andrews v. Deland,* 943 F.2d 1162, 1171 (10th Cir.1991).

The state must plead abuse of the writ. *McCleskey,* 111 S.Ct. at 1470. The state did so in this case, thereby shifting the burden to Worthen to disprove abuse by showing cause for and prejudice from his failure to raise the claim. *Id.; see also Delo v. Stokes,* 495 U.S. 320, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990); *Rodriguez,* at 686–87 (1991 WL 225147, at *2). The "cause and prejudice" standard applies to pro se applicants as well as to those represented by counsel. *Rodriguez,* at 687 (1991 WL 225147, at * 2).

To establish cause for failure to bring the claims in the earlier proceeding, Worthen must show that some objective factor external to the defense obstructed his efforts to raise the claims in state court. *See McCleskey,* 111 S.Ct. at 1470.[5] Adequate cause includes interference by officials which makes compliance with a state's procedural rule impracticable, demonstration of the unavailability of a factual or legal basis, or constitutionally ineffective assist-

ance of counsel in not bringing a claim. *See id.* (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

Worthen claims that at the time he filed his first federal habeas petition, he had not discovered the legal significance of his attorney's representation of the life insurance beneficiary. Worthen does not, however, claim that he did not know of the representation before he filed his prior federal petition. Similarly, Worthen offers no excuse for not bringing his claim of incompetency in the prior proceeding.

■ Worthen maintains that the law relative to the post-examination hearing requirement changed after he filed his first federal habeas petition. A petitioner may be excused for failing to raise a claim in a prior habeas petition if the law has been changed substantively in the interim. *Harris v. Pulley,* 885 F.2d 1354, 1369–70 (9th Cir.1988), *cert. denied,* 493 U.S. 1051, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990); *see also Coleman v. Saffle,* 869 F.2d at 1380 (habeas petitioner can satisfy part of the burden of showing that he did not intentionally abandon or inexcusably neglect the new claim by showing that the law has changed since the earlier petition).

■ Worthen asserts that the law supporting this claim was announced on December 12, 1986, in *Scott v. State,* 730 P.2d 7, 8 (Okla.Crim.App.1986) (a post-examination hearing is required for the fact finder to determine defendant's competency to stand trial). *Scott v. State* did not change existing Oklahoma law. There is no dispute that the statute requiring a post-examination hearing was in effect prior to Worthen's guilty plea. *See* Okla.Stat.Ann.

---

**3.** "[A] subsequent application for a writ of habeas corpus ... need not be entertained ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." 28 U.S.C. § 2244(b).

**4.** "A second or successive petition may be dismissed if the judge finds that it fails to allege

new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C. § 2254, Rule 9(b).

**5.** Although *McCleskey* was decided only four days after the federal district court's ruling in this case, the district court's procedures were in accordance with those outlined in *McCleskey* for addressing a possible abuse of the writ. *See Rodriguez,* at 687, n. 4.

tit. 22, § 1175.4 (West 1986). Furthermore, *Scott v. State* was not the first pronouncement by the Oklahoma Court of Criminal Appeals requiring a post-examination competency hearing. *See, e.g., Rowell v. State,* 676 P.2d 268, 269 (Okla.Crim.App.1984) (error to deny request for a hearing because, under the new procedure, the trial court shall conduct a hearing). Because Worthen has not established an intervening change in the law, he has not established cause for failure to bring the claim in his first habeas petition.

Worthen also asserts an equal protection violation based on the failure of the state trial court to hold a post-examination hearing. He claims that defendants who proceed to trial are granted post-examination hearings, while those who enter guilty pleas are not. Worthen has presented no evidence of such a state policy or practice. Furthermore, he did not explain why he could not have raised the claim in his first habeas petition.

█ In the abuse of the writ context, the requirement of cause is based on the principle that a petitioner must conduct a reasonable and diligent investigation directed at including all relevant claims and grounds for relief in the first federal habeas petition. *McCleskey,* 111 S.Ct. at 1472. "If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant. Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." *Id.*

Here, "[t]he factual and legal bases for [Worthen's] new claims existed at the time he filed his first federal habeas petition.... [Worthen] can point to no 'objective factor external to the defense' as cause for his failure to raise these claims earlier." *Rodriguez,* at 688 (citing *McCleskey,* 111 S.Ct. at 1470). We conclude that Worthen's failure to appreciate the significance of his new claims at the time of his previous habeas petition does not constitute adequate cause for his failure to raise them at that time. *See id.*

Because Worthen has not shown cause for his failure to bring the new claims in his earlier petition, it is not necessary to consider whether he suffered actual prejudice. *Id.* at 688.

Worthen may be relieved of the requirement to show cause if he can demonstrate that the court's failure to consider his new petition would result in a fundamental miscarriage of justice. *McCleskey,* 111 S.Ct. at 1470. Worthen claims that his alibi for the time of the murder demonstrates his innocence. R., Doc. 16, at 4. Yet Worthen admitted previously that he and a cohort planned the murder, but the cohort actually did the killing. *E.g., Worthen v. Meachum,* 842 F.2d at 1182. Thus, his claim of alibi does not support his argument of innocence, and he makes no other showing.

The request for a Certificate of Probable Cause is GRANTED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.