**Mark A. HOPKINSON, Petitioner–Appellant,**

v.

**Duane SHILLINGER, and Attorney General of the State of Wyoming, Respondents–Appellees.**

No. 92–8000.

United States Court of Appeals, Tenth Circuit.

Jan. 15, 1992.

Barbara L. Lauer, Sp. Asst. Public Defender, Laramie, Wyo. (Leonard D. Munker, State Public Defender, and Norman A. Newlon, Cheyenne, Wyo., on the briefs), for petitioner-appellant.

D. Michael Pauling, Asst. Atty. Gen., Cheyenne, Wyo. (Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Mary Beth Wolff, Asst. Atty. Gen., on the briefs), for respondents-appellees.

Before MOORE, ANDERSON and BALDOCK, Circuit Judges.

PER CURIAM.

Mark Hopkinson appeals the denial of his second federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By his petition, Hopkinson seeks to overturn the death penalty conviction handed down on May 27, 1982, in his second death penalty proceeding in Wyoming State Court. Mr. Hopkinson has also filed a motion for a stay of execution pending appeal, and a motion for stay of execution and stay of mandate pending filing of petition for writ of certiorari. Upon consideration of the briefs, record, and oral arguments of the parties, the judgment of the district court is affirmed 781 F.Supp. 737, and the motions are denied.

We have examined the findings and conclusions of the district court and find ourselves in substantial accord with them. We therefore adopt the district court's opinion, except to the following extent.

■ We believe that the petitioner has abused the writ of habeas corpus with respect to the issues relating to the instructions given by the state trial court and the death penalty verdict, as well as other issues identified by the district court as abusive. *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Further, we believe that petitioner has not shown cause for failing to raise these is-

sues in his first petition since his stated reason, confirmed again in oral argument today, was that both he and his counsel were unaware of the issues available under *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988); *McKoy v. North Carolina*, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990); *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Such a reason does not constitute "cause." *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Rodriguez v. Maynard*, 948 F.2d 684 (10th Cir.1991). "Cause," as the Supreme Court has explained the term, "requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Carrier*, 477 U.S. at 492, 106 S.Ct. at 2648. "Attorney ignorance or inadvertence is not 'cause.'" *Coleman*, 111 S.Ct. at 2566. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim ... does not constitute cause for a procedural default." *Carrier*, 477 U.S. at 486–87, 106 S.Ct. at 2644. Contrary to the district court, we do not find the fundamental miscarriage of justice exception applies, regardless of the standard employed. *See Sawyer v. Whitley*, 945 F.2d 812 (5th Cir.), *cert. granted*, — U.S. —, 112 S.Ct. 434, 116 L.Ed.2d 453 (1991); *Johnson v. Singletary*, 938 F.2d 1166 (11th Cir.1991) (en banc); *Stokes v. Armontrout*, 893 F.2d 152 (8th Cir.1989) (quoting *Smith v. Armontrout*, 888 F.2d 530 (8th Cir.1989)); *Deutscher v. Whitley*, 946 F.2d 1443 (9th Cir.1991).

■ Finally, Hopkinson's exhaustion argument is unpersuasive because exhaustion is a rule of comity and not a rule of jurisdiction. *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Because we find the petition abusive on the issues mentioned, further development of those issues is unnecessary. If the petitioner could overcome this impediment, we then would agree with the district court's analysis on the merits.

AFFIRMED.