958 F.2d 1013
 Olan Randle ROBISON, Petitioner,
v.
Gary MAYNARD, Warden, et al., Respondents.
Olan Randle ROBISON, Petitioner,
v.
Dan REYNOLDS, Warden; Susan Loving, Attorney General, State
of Oklahoma, Respondents.
Olan Randle ROBISON, Petitioner,
v.
Gary MAYNARD, et al., Respondents.
 Nos. 92-6093, 92-6097, 92-6096.
 United States Court of Appeals,
Tenth Circuit.
 March 12, 1992.
 
 Randy A. Bauman, Oklahoma City, Okl., for petitioner.
 A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.
 Before McKAY, Chief Judge, SEYMOUR, and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Olan Randle Robison is scheduled to be executed by lethal injection on March 13, 1992. He appeals the dismissal of his second and third federal habeas corpus petitions and the denial of his request for a stay of execution. He also appeals the denial of a motion he filed under Fed.R.Civ.P. 60(b) in his original federal habeas petition.
 
 
 2
 Mr. Robison was convicted on three counts of murder and sentenced to death on all three counts. In his first federal habeas proceeding, this court held that one of the death sentences was constitutionally infirm, see Robison v. Maynard, 829 F.2d 1501, 1509 (10th Cir.1987), but ultimately upheld the other two, see Robison v. Maynard, 943 F.2d 1216 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 445, 116 L.Ed.2d 463 (1991). In the instant proceedings, Mr. Robison raises numerous challenges to his trial and sentencing. In thorough and well-reasoned opinions, the district court concluded that Mr. Robison failed to establish grounds for relief in these second and third habeas actions as required by McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The court also denied the Rule 60(b) motion. See Mem.Opin. and Order, No. CIV-92-470-R (W.D.Okla., March 12, 1992); Order, No. CIV-92-480-R (W.D.Okla., March 12, 1992); Order, No. CIV-86-534-R (W.D.Okla., March 12, 1992). We affirm.[1]
 
 
 3
 The facts underlying Mr. Robison's convictions and sentences have been recited previously, see Robison, 829 F.2d at 1502-03, and we therefore need not repeat them in detail here. Briefly, Mr. Robison and two others were charged with the murders of Julie Sheila Lovejoy, Averil Bourque, and Robert Leon Swinford during the robbery of a home on June 12, 1980. Mr. Robison was tried and sentenced to death on all three counts on April 28, 1981. The jury found the following three aggravating circumstances with respect to the three murders: (1) Mr. Robison was previously convicted of a felony involving the use of threat of violence to a person; (2) Mr. Robison knowingly created a risk of death to more than one person; and (3) there is a probability that Mr. Robison would commit criminal acts of violence that would constitute a continuing threat to society.[2] The jury found no mitigating circumstances.
 
 
 4
 Mr. Robison's convictions and sentences were affirmed on direct appeal, see Robison v. State, 677 P.2d 1080 (Okl.Crim.App.1984). Following an unsuccessful state post-conviction action, Mr. Robison filed a federal habeas corpus petition in district court on March 11, 1986. His allegations included claims of: (1) denial of right to offer mitigating evidence; (2) prosecutorial misconduct; and (3) ineffective assistance of state trial and appellate counsel. In an unpublished order and opinion, the district court denied relief. Robison v. Maynard, Opinion and Order, No. CIV-86-534-R (W.D.Okla. June 15, 1986).
 
 
 5
 On appeal, a panel of this court affirmed in part, reversed in part, and remanded. See Robison, 829 F.2d 1501. On remand, the district court was to consider "the reasons why Petitioner's state appellate counsel did not raise the issue of prosecutorial misconduct in the state appeal and for further determination of the issue of adequate representation in light of the evidence produced." Id. at 1513. The lower court concluded that an evidentiary hearing was not necessary and found the claim without merit. We affirmed in an unpublished order noted at 930 F.2d 922 (10th Cir.1991) (table).
 
 
 6
 Following that order, Mr. Robison again sought relief from this court. Our previous published opinion had rejected his claim that the state trial court erred in its refusal to admit testimony from the victim's family opposing imposition of the death penalty. See Robison, 829 F.2d at 1505 (citing Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987)). Mr. Robison contended that the partial reversal of Booth in Payne v. Tennessee, --- U.S. ----, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), required a different result in his case. We disagreed. See Robison v. Maynard, 943 F.2d 1216 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 445, 116 L.Ed.2d 463 (1991). Finally, on February 4, 1992, Mr. Robison filed an unsuccessful motion in this court to recall or vacate the mandate and remand.
 
 
 7
 On March 9, 1992, Mr. Robison filed a second petition for habeas corpus relief in federal district court. Rule 9(b) of the Rules Governing Section 2254 Cases provides:
 
 
 8
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 9
 The Supreme Court recently addressed the applicability of Rule 9(b) in McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Under McCleskey, abusive claims are barred unless the petitioner can satisfy the cause-and-prejudice standard applicable to procedural default cases, id. 111 S.Ct. at 1470, or establish "that a fundamental miscarriage of justice would result from a failure to entertain the claim," id.[3] A petitioner bringing a successive claim must show that "although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground." Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). As we observed in Parks v. Reynolds, 958 F.2d 989, 995 (10th Cir.1992), because in McCleskey the Supreme Court equated the "ends of justice" inquiry and the "fundamental miscarriage of justice" inquiry, we review both successive and abusive claims under the same standard.
 
 
 10
 In order to meet this standard as applied to the penalty phase, Mr. Robison must establish both a constitutional violation and that the violation had a probable effect on the jury's determination of his sentence. See Parks, at 995. The Supreme Court has granted certiorari to determine the appropriate definition of "probable." See Sawyer v. Whitley, 945 F.2d 812 (5th Cir.), cert. granted, --- U.S. ----, 112 S.Ct. 434, 116 L.Ed.2d 453 (1991). As we did in Parks, we operate in this appeal with the standard most favorable to the petitioner. Under this standard, once he establishes a constitutional violation, Mr. Robison must show a "fair probability" that, absent this violation, the jury would not have imposed the sentence of death. Parks, at 994.[4]
 
 
 11
 Mr. Robison raises the following issues, each of which was previously raised or could have been raised in his first federal habeas petition:
 
 
 12
 (1) Mr. Robison asserts that prosecutorial misconduct infected his trial and sentencing and violated his right to due process. Although he supports this claim with new arguments, we considered this asserted constitutional violation in his first habeas petition. See Robison, 829 F.2d at 1508-09.
 
 
 13
 (2) Mr. Robison asserts that the death penalties were disproportionate to the crime, citing Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987); Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). This claim was before the district court in the first federal habeas petition, see Robison, Opinion and Order, and was apparently abandoned on appeal in that case.
 
 
 14
 (3) Mr. Robison asserts constitutional deprivations based on prosecutorial comments in combination with the anti-sympathy instruction, relying on Parks v. Saffle, 925 F.2d 366 (10th Cir.1991) (en banc).
 
 
 15
 (4) He raises the effectiveness of his state appellate counsel, which we considered as part of his initial habeas action. See Robison, 829 F.2d at 1512-13.
 
 
 16
 (5) Mr. Robison asserts he was denied the effective assistance of trial counsel because his attorney failed to investigate and present mitigating evidence. We considered this claim in Robison, 829 F.2d at 1510-11. He further alleges ineffective assistance of appellate counsel arising from the failure to raise the ineffectiveness of trial counsel on appeal. We have likewise considered this argument. See id. at 1511-13.
 
 
 17
 (6) Mr. Robison asserts the denial of his due process right to a fair trial as a result of the state court's failure to hold a competency hearing prior to trial.
 
 
 18
 (7) He challenges the constitutionality of the "continuing threat" aggravating circumstance, asserting that it is arbitrarily applied in Oklahoma, citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). This claim was raised before the district court in Mr. Robison's first federal habeas petition, see Robison, Opinion and Order, and was apparently abandoned on appeal in that case.
 
 
 19
 (8) Mr. Robison makes a general challenge to the Oklahoma death penalty scheme. In particular, he argues the constitutional error underlying the sentence imposed with respect to the murder of Averil Bourque infected the remaining sentences. We have previously rejected this claim. See Robison, 829 F.2d at 1509-10.
 
 
 20
 We have carefully considered the above abusive or successive claims under the standard articulated in Parks. We conclude that Mr. Robison has not shown cause for his failure to raise the abusive claims in his first petition. We further conclude that Mr. Robison has failed to establish a fundamental miscarriage of justice under the standard set out in Parks, for either his abusive or successive claims. Thus, we decline to grant relief on any of these claims.
 
 
 21
 We next consider Mr. Robison's remaining contentions. He asserts that the state court denied him due process by treating his request for a stay pending final resolution of his successive request for state post-conviction relief differently than the request by Robyn Parks with respect to Parks's first federal habeas. In support of this argument, Mr. Robison cites Hicks v. Oklahoma, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). Mr. Robison could not raise this issue until the state court denied him relief on February 24, 1992. Because this claim did not arise until a date subsequent to the filing of his first federal habeas, he obviously could not assert it there. However, because Parks's habeas was his first one and Mr. Robison's state post-conviction action was his second one, it does not appear that Oklahoma law was applied inconsistently or that due process was violated.
 
 
 22
 Mr. Robison also contends that state trial court Judge George Lindley's refusal to recuse himself in the second state post-conviction proceeding deprived him of his due process rights. Mr. Robison could not have brought this claim in the first habeas because his request for recusal was not denied until after the first habeas was decided. On the merits of the claim, our review of the record gives us no reason to disagree with the conclusion of the Oklahoma Court of Criminal Appeals that Mr. Robison has not "demonstrated[ ] any prejudice which denied him due process or fundamental fairness." Robison v. State, 818 P.2d 1250, 1252 (Okl.Crim.App.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992).
 
 
 23
 Next, Mr. Robison alleges that conditions at the new death row confinement unit within the Oklahoma State Penitentiary violate his right to counsel and his right to access to the courts. Mr. Robison was moved to the new confinement unit on November 13, 1991, well after resolution of his first federal habeas proceeding. Accordingly, we address the merits of Mr. Robison's claims. First, Mr. Robison currently has very effective counsel representing him. Second, we see no merit to his allegation of denial of access to the courts. The state is constitutionally required to give Mr. Robison "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). The record of proceedings filed subsequent to Mr. Robison's transfer to the new facility establishes that his right of access has not been infringed within the meaning of Bounds.
 
 
 24
 The district court also denied Mr. Robison's third habeas corpus petition challenging his 1973 conviction for armed robbery. Because he is no longer incarcerated on this conviction, we treat this petition "as asserting a challenge to his present sentence to the extent that it has been enhanced by the allegedly invalid prior conviction." Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990). This claim is abusive and Mr. Robison has not shown cause for his failure to raise it in his first federal habeas petition. Accordingly, we turn to the Parks standard under which Mr. Robison must establish a constitutional violation and that, absent the violation, there is a fair probability that the jury would not have imposed the death penalty. We conclude that Mr. Robison has not met that standard with respect to this claim.
 
 
 25
 Finally, Mr. Robison filed a motion with the district court pursuant to Fed.R.Civ.P. 60(b)(6), seeking relief from the judgment of that court entered June 16, 1986, denying him relief on his first federal habeas petition. He also moved for a stay in connection with this motion. The district court ruled that the motion should properly be characterized as one made under either Rule 60(b)(2) or Rule 60(b)(3), both of which must be brought within one year of entry of the order from which relief is sought. Under this characterization, the motion is untimely.
 
 
 26
 Alternatively, the court concluded that if the motion were properly considered as one made under Rule 60(b)(6), it was not made within a reasonable time as required by that provision. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). "A court abuses its discretion if its decision is 'arbitrary, capricious, or whimsical.' " Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991). We are not persuaded the district court abused its discretion in holding Mr. Robison's eight year delay unreasonable.
 
 
 27
 In conclusion, we hold that Mr. Robison has failed to satisfy the Parks standard applicable to abusive and successive petitions. Accordingly, we AFFIRM the dismissal of his petitions and the denial of his request for Rule 60(b) relief, and we DENY his applications for a stay of execution.
 
 
 
 [1]
 In reaching our decision, we have reviewed all papers filed by Mr. Robison in his recent state post-conviction proceedings. We received those materials prior to the filing by Mr. Robison of these second and third habeas petitions and the Rule 60(b) motion. In addition, we received by fax all papers filed by either party in the proceedings below immediately after they were filed, and we considered them as we received them. We also reviewed all prior opinions rendered by the state courts and by the federal district court and this court. Given the short time frame, we notified the parties earlier this week that we would be considering the appeal on the basis of the lower court papers, plus any additional supplemental memorandum they would have time to file. We have received and considered those supplemental memoranda, and we have heard oral argument
 
 
 [2]
 With respect to the murder of Averil Bourque, the jury found as a fourth aggravating circumstance that the murder was especially heinous, atrocious, or cruel. As set out above, we previously have concluded that this finding invalidated the death sentence for that crime. See Robison v. Maynard, 829 F.2d 1501, 1509 (10th Cir.1987)
 
 
 [3]
 The state bears the burden of raising abuse of the writ. See Parks v. Reynolds, 958 F.2d 989, 994 (10th Cir.1992). In this case, the state has met its burden
 
 
 [4]
 Mr. Robison contends that the district court applied the more restrictive standard found in Sawyer v. Whitley, 945 F.2d 812 (5th Cir.1991). That is incorrect. The district applied the less restrictive standard we used in Parks. Mem.Opin and Order, No. CIV-92-470-R, at 12 & n. 6, 13 (W.D.Okla., March 12, 1992)