William ANDREWS, Petitioner,

v.

Scott CARVER, Warden of the Utah State Prison, Respondent.

No. 92–C–663–S.

United States District Court, D. Utah, C.D.

July 29, 1992.

Robert M. Anderson, Anderson & Karrenberg, Salt Lake City, Utah, Timothy K. Ford, MacDonald, Hoague & Bayless, Seattle, Wash., Gordon G. Greiner, Sandra Goldman, Holland & Hart, Denver, Colo., for petitioner.

Robert R. Wallace, Daniel D. Anderson, Daniel S. McConkie, T.J. Tsakalos, Hanson, Epperson & Smith, Salt Lake City, Utah, for respondent.

## ORDER

SAM, District Judge.

William Andrews, an inmate at the Utah State Prison under the custody of the respondent warden, has filed a Petition for Habeas Corpus and Motion for Stay of Execution. The petitioner is under sentence of death and awaiting execution. The petitioner has challenged, in substance, both the imposition of the death sentence and the validity of his conviction.

This is the third petition for habeas corpus that has been filed by Andrews in this court. The initial petition was denied by Judge David K. Winder. *Andrews v. Shulsen*, 600 F.Supp. 408 (D.Utah 1984). A second petition was filed and resolved in two stages. *Andrews v. Barnes*, 743 F.Supp. 1496 (D.Utah 1990). In the latter case, the initial petition was denied. *Andrews v. Barnes*, 1989 WL 230923 (D.Utah 1989) Lexis 17246. Thereafter, the petitioner filed a supplementary petition which was denied. *Andrews v. Barnes*, 743 F.Supp. 1496 (D.Utah 1990). The matter is now before the court again. Three peti-

tions and four separate considerations of Andrews' claims have been addressed by members of this court. In addition, the petitioner has had several reviews by the Utah Supreme Court. See the history of the case set forth in *Andrews v. DeLand*, 943 F.2d 1162 (10th Cir.1991). After that case, the petitioner sought additional relief in the Utah Supreme Court.

The petitioner seeks a stay of execution to allow this court to hear the petition. A stay of execution "pending disposition of a second or successive federal habeas corpus petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" *Delo v. Stokes*, 495 U.S. 320, 110 S.Ct. 1880, 109 L.Ed.2d 325 (1990); *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 3396, 77 L.Ed.2d 1090 (1983).

■■■■ Rule 9(b), *Rules Governing Section 2254 Cases*, allows for dismissal of a second or successive petition if the judge finds it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition is an abuse of the writ. See also *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The burden is on the petitioner to show that his case fits outside of the successive or abuse of the writ doctrine. *Parks v. Reynolds*, 958 F.2d 989 (10th Cir.1992). Further, in this case the response of the warden, although not as sharply and precisely stated as could be requested, does contend the petition is for delay and in a supplemental answer asserts a claim of abuse of the writ and a successive petition.[1] *McCleskey v. Zant*, — U.S. —, —, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). This shifts the burden to the petitioner to show cause or prejudice

for failure to previously raise the claim. *Worthen v. Kaiser*, 952 F.2d 1266 (10th Cir.1992). Abusive claims are barred unless the petitioner can satisfy the cause and prejudice standard applicable to a procedural default. *McCleskey v. Zant*, supra, — U.S. at —, 111 S.Ct. at 1470. In *McCleskey* the court said an abuse of the writ can occur by petitioner raising a claim in a subsequent petition that he could have raised in the first petition regardless of whether the failure was due to deliberate choice. *Id.*, — U.S. at —, 111 S.Ct. at 1468.

In this case, there is nothing in Andrews' petition for habeas which would meet a cause or prejudice standard under *McCleskey*. See *Parks v. Reynolds*, 958 F.2d 989 (10th Cir.1992); *Hopkinson v. Shillinger*, 954 F.2d 609 (10th Cir.1992); *Worthen v. Kaiser*, supra. See also *Andrews v. DeLand*, 943 F.2d 1162 (10th Cir.1991).

■■■■ Further, in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) the Supreme Court addressed whether a habeas petition is entitled to the benefit of a "new rule" where the conviction is otherwise final. In this case the petitioner raises the new Utah legislation authorizing a sentence of life imprisonment without parole. Utah Code Ann. 76–3–207.5. Petitioner cannot argue that that statute has retroactive application and should apply to him since the Utah Supreme Court has decided the statute is not retroactive. *Andrews v. Carver*, No. 920308, — P.2d — (Utah 1992).[2] Petitioner argues that the availability of this sentence somehow now undermines the factfinding process in the argument for the death sentence entitling him to claim a denial of due process and to habeas relief. This conceptualization, which may be well beyond any legitimate interpretation of *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d

---

1. The court recognizes that in the last minute hurry of a death penalty case the proceedings may become hectic and counsel may not have an opportunity to precisely articulate a standard. If the substance is asserted, substance should prevail over form.

2. This court cannot consider state law claims on habeas corpus under 28 U.S.C. § 2254. *Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). This court is bound by the Utah Supreme Court's interpretation of Utah law. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1885, 44 L.Ed.2d 508 (1975); *Rael v. Sullivan*, 918 F.2d 874, 876 (10th Cir.1990).

575 (1988) is urged by petitioner. To that extent, it is a new rule which is barred by *Teague v. Lane,* supra, unless the new rule places private conduct beyond the power of the lawmaking authority to proscribe or if it requires procedures the observance of which are implicit in the concept of ordered liberty. 489 U.S. at 306–08, 109 S.Ct. at 1073; *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989); *Butler v. McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990); *Sawyer v. Smith,* 497 U.S. 227, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990); *Saffle v. Parks,* 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); *Andrews v. Deland,* supra.

It is against the above standards that this court must consider the petition for a stay and also the petition for habeas corpus under the *Rules Governing Section 2254 Proceedings.*

The petitioner in his first claim argues that the 1992 Utah Legislature enacted two statutes that altered the sentencing and clemency review process in capital cases in Utah. The Utah legislature provided for a sentence of life imprisonment without parole. The Utah Board of Pardons was prohibited from exercising its commutation or parole authority to alter such a sentence. The petitioner argues that during the sentencing phase of his trial, arguments were made and evidence presented as to the *then existing* parole process and time normally served by life-sentenced prisoners in Utah before parole. It was contended a death sentence was necessary in part to prevent future acts of violence by petitioner. Nothing in the prosecution's argument was materially false or improper under the status of Utah law at the time. The petitioner argues that the passage of the new life without parole provision undermines that argument and it would not be true that petitioner would be eligible for parole if not executed. The petitioner contends the State's denial of retroactivity is arbitrary, irrational and discriminatory.

■ There is no obligation that a state accord retroactive effect to new substantive statutes to allow a convicted person the benefit of a new statute where the conviction is final. The state's interest in maintaining the finality of convictions and sentences justifies a prospective legislative limitation. Such a judgment is not a denial of equal protection. The prospective application of a new statute is rationally related to the state interest. This is much like the claim made by petitioner that he was entitled to the new sentencing standard adopted by the Utah Supreme Court in *State v. Wood,* 648 P.2d 71 (Utah 1982). A constitutional requirement for retroactive application was expressly rejected in *Andrews v. Shulsen,* 802 F.2d 1256, 1270–1271 (10th Cir.1986).

Further, any such claim as a new principle would be barred by the non-retroactivity doctrine of *Teague v. Lane,* supra, which is itself argument against the petitioner's position.

Further, this situation is not governed by *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), since no false or erroneous information was given to the jury at the time of the sentencing process. *Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), is also inapplicable. In *Johnson* a prior conviction used in aggravation to support a death sentence was later invalidated. No invalid evidence was presented to the Utah jury. No invalid factor of aggravation was presented. Nothing akin to the *Johnson* situation was involved in the Andrews sentencing proceeding.

Andrews could not and cannot be sentenced under the new Utah statute to life without possibility of parole. That statute has no application to Andrews in the first instance unless his present sentence were set aside. That is not now the case. The sentence is valid and nothing erroneous was presented to the jury that imposed the original sentence. Therefore, the *Johnson* situation is inapposite.

■ Second, it is very doubtful if Andrews can be given a more stringent life sentence without parole when at the time of the crime the penalty, if death were not imposed, would be life, with the chance of parole. Such a restrictive change, even where it is a matter of legislative grace,

violates the ex post facto clause.[3] *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981) (ex post facto prohibition forbids the enactment of a law imposing additional punishment than that prescribed at the time the offense was committed); *Arnold v. Cody,* 951 F.2d 280 (10th Cir.1991) (Oklahoma emergency credit law that changed possible release time for Oklahoma prisoners violated ex post facto provision as applied).

The court has, because of the nature of this case and the circumstances in which Andrews' petition is before the court, given careful consideration to the first ground of the petition which is a new issue[4] not barred by the abuse of the writ or successive petition prohibition. However, the argument is barred in part by *Teague v. Lane.* Simply because this court has given a careful review and attempted to show the lack of merit of petitioner's arguments does not mean that further proceedings are warranted on the first argument raised in the petition. The claims made by petitioner with regard to the life without parole are without arguable merit and therefore frivolous. See *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Reynoldson v. Shillinger,* 907 F.2d 124 (10th Cir.1990); *Ruark v. Solano,* 928 F.2d 947 (10th Cir.1991); *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir.1991). Therefore, an evidentiary hearing under Rule 8, *Rules Governing Section 2254 Proceedings,* is inappropriate. Denial of the first claim is proper.

■ The second part of the petition challenges the competency of representation at the sentencing proceeding. The matter of incompetency of counsel was determined by the Court of Appeals in *Andrews v. DeLand,* supra and could have been raised before now. Therefore, under *McCleskey, Rodriguez v. Maynard,* 948 F.2d 684 (10th Cir.1991); *Worthen v. Kaiser,* supra; *Hop-*

kinson v. Shillinger, 954 F.2d 609 (10th Cir.1992); and *Robison v. Maynard,* 958 F.2d 1013 (10th Cir.1992) that issue is barred by the successive and abuse of the writ doctrines.

The petitioner's third claim attacks the instructions given the jury, there is no reason that issue could not have been raised earlier. Further, the issue is probably equally barred by *Teague v. Lane,* supra. This issue is not sufficiently well pled to determine the real legal demarcation of petitioner's claim.

■ The fourth claim is that a second degree murder instruction should have been given. The essence of this claim was previously address in *Andrews v. DeLand,* supra, and rejected. If anything beyond what has been previously asserted is intended by this issue, it is barred under the successive writ prohibition as stated in *McCleskey.*

■ The fifth claim of improper racial influences was fully considered in prior cases from various aspects as argued by petitioner. Any new characterization could have been made in the first petition. The issue is barred.

■ The claim of the failure to make a proportionality argument as to petitioner's sentence is without merit. A proportionality review comparing petitioner's sentence to others is not constitutionally required under the United States Constitution. *Pulley v. Harris,* supra. The only issue is whether the death penalty is proportionate to the crime as measured by the standards of *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) (no death sentence for rape); *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) (death penalty for conduct of aiding and abetting felonies resulting in murder); *Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987) (death penalty

---

**3.** See the Utah Supreme Court's analysis in *Andrews v. Utah Board of Pardons,* 836 P.2d 790 (Utah 1992).

**4.** As to this issue it is somewhat unclear whether the same argument has been presented to the Utah Supreme Court within the meaning of *Pi-*

*card v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) and *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) which requires the same issue presented to a federal court be fairly presented to the highest court of the state.

for one not doing the killing, but who participates with reckless indifference to human life). See discussion in *Constitution of the United States, Analysis and Interpretation,* (U.S. Gov. Print. Office) (1982) pp. 1395–1407 and Supp. Further, in *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), the Supreme Court indicated a defendant, otherwise properly sentenced to death, could not complain because others had eluded the penalty due to mercy or other reason. *Id.,* 428 U.S. at 199, 96 S.Ct. at 2937. These issues have been adjudicated and resolved against petitioner. To the extent petitioner seeks a new analysis, the claim is barred by *McCleskey* or *Teague.* See also *Antone v. Dugger,* 465 U.S. 200, 104 S.Ct. 962, 79 L.Ed.2d 147 (1984).

 The claim that the Eighth Amendment has been violated by the delay in imposition of the death penalty is also without merit for reasons stated by the Utah Supreme Court in *Andrews v. Carver,* supra. The delay has been attributable for the most part to aggressive attempts to avoid the death penalty. The delay is of Andrews' own making. Further, the circumstances are not so unusual or cruel as to violate the Eighth Amendment. See *Louisiana ex rel. Francis v. Resweber,* 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422 (1947) (no violation of the Eighth Amendment by multiple execution attempts due to failure of electrocution).

The essence of the second portion of Andrews' petition is equally unmeritorious. There is no cause or prejudice shown and nothing that would constitute "actual innocence" in the guilt phase or error from which it can be concluded that "no reasonable juror would have found [Andrews] eligible for the death penalty under [Utah] law," *Sawyer v. Whitley,* — U.S. —, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), 51 CrL 2213, it must be concluded there is no merit to Andrews' petition. There is no legitimate basis for a stay of execution. *Barefoot v. Estelle,* supra; *Delo v. Stokes,* supra; *Coleman v. Thompson,* — U.S. —, 112 S.Ct. 1845, 119 L.Ed.2d 1 (1992).

The conviction and sentence of the petitioner has been heretofore upheld as being valid and lawful by every court, both state and federal, that has considered the same. He has been afforded every conceivable opportunity for appeal and judicial review. Therefore,

IT IS HEREBY ORDERED that the petition of William Andrews for a stay of execution is denied. The petition for habeas corpus is dismissed.