37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerome T. SCAIFE, Petitioner-Appellant,
v.
Robert T. HANNIGA, Respondent-Appellee.
 No. 94-3150.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Jerome T. Scaife appeals the decisions of the district court denying him habeas corpus relief and permission to appeal in forma pauperis. Also pending before us is his application for a certificate of probable cause.
 
 
 3
 Mr. Scaife filed his first habeas petition in 1992, pursuant to 28 U.S.C. 2254, setting forth four grounds for relief: (1) insufficient evidence; (2) the victim's out-of-court identification of him violated his due process rights; (3) the trial court erred by giving an Allen-type instruction to the jury; and (4) ineffective assistance of counsel. The district court denied the writ on the merits, and we affirmed. Scaife v. Hannigan, No. 93-3165 (10th Cir. Oct. 20, 1993).
 
 
 4
 Mr. Scaife then filed his second petition under 28 U.S.C. 2254, claiming that the prosecution suppressed favorable evidence and knowingly used perjured testimony. The district court concluded that Mr. Scaife had failed to raise these claims in his first petition and dismissed the second petition as an abuse of the writ pursuant to 28 U.S.C. 2254, Rule 9(b).
 
 
 5
 A judge may dismiss a petitioner's second habeas petition if it alleges "new and different grounds" and "the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C. 2254, Rule 9(b). Once the government establishes the existence of a new claim, the burden shifts to the petitioner to demonstrate why he omitted the claim from the first petition and how refusal to hear the new claim would prejudice him. McCleskey v. Zant, 499 U.S. 467, 494 (1991). Alternatively, he must show that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 495. These requirements apply to pro se litigants. Worthen v. Kaiser, 952 F.2d 1266, 1268 (10th Cir.1992).
 
 
 6
 In his first petition for habeas corpus relief, Mr. Scaife asserted claims of tainted identification and unlawful procedure, Aplt. exh. B-1, at 8, and insufficient evidence, Aplt. exh. B-2, at 2-3. Although Mr. Scaife's second petition relies on many of the same facts, we agree with the district court that the issues of suppression of favorable evidence and knowingly using perjured testimony are newly raised. Rec., vol. I at doc. 2. Mr. Scaife has failed to establish either cause for not raising these issues in his first petition or the possibility of a fundamental miscarriage of justice. Accordingly, his second petition constitutes an abuse of the writ.
 
 
 7
 Because we find Mr. Scaife's appeal frivolous, we deny him in forma pauperis status and decline to grant his request for a certificate of probable cause. Consequently, we dismiss the appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470