57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John PAUL, Petitioner--Appellant,
v.
John THOMAS, Warden; Charlene Knipfing, Chairman of Parole
Board, Respondents--Appellees.
 No. 94-2156.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 A jury in New Mexico state court convicted petitioner of armed robbery in 1970. Following an unsuccessful appeal, petitioner filed for a writ of habeas corpus in federal court pursuant to 28 U.S.C. 2254. The district court dismissed his petition, and this court affirmed in an unpublished opinion.
 
 
 3
 In 1992, petitioner again sought a writ of habeas corpus from federal court. In his petition, however, he stated that he had never previously filed a federal habeas petition. The district court dismissed the petition on the merits.
 
 
 4
 Before this court, petitioner acknowledges for the first time that this is his second federal habeas petition. Accordingly, the state asks us to dismiss the current petition as an abuse of the writ.
 
 
 5
 A state may waive the abuse of the writ defense by failing plead it with particularity in district court. See Hannon v. Maschner, 981 F.2d 1142, 1146 (10th Cir.1992). Petitioner claims that the state waived the abuse of the writ defense in this case because it failed to plead the defense in district court. We disagree. The abuse of the writ defense derives from a court's equitable discretion and "equity recognizes that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.' " McClesky v. Zant, 499 U.S. 467, 490 (1991) (quoting Sanders v. United States, 373 U.S. 1, 17 (1963). Here, petitioner--intentionally or unintentionally--misled the district court and the state when he stated under oath that he had never before filed a federal habeas petition. Equity demands that petitioner cannot now benefit from that misstatement by our refusing to allow the state to respond after the misinformation has been corrected.
 
 
 6
 We therefore turn to the abuse of the writ doctrine. If a claim is raised for the first time in a second or subsequent habeas petition, we dismiss the petition unless the petitioner shows cause and prejudice or a fundamental miscarriage of justice. Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 502 U.S. 1110 (1992). If a petitioner brings the same claim in a subsequent habeas petition, he must show that the ends of justice require a redetermination of that ground or we will dismiss the petition. Robison v. Maynard, 958 F.2d 1013, 1016 (10th Cir.1992).
 
 
 7
 Here, petitioner alleges both new claims and grounds raised in his first petition. He has not, however, shown that this court can properly hear his claims. We therefore GRANT the certificate of probable cause, conclude that petitioner has abused the writ, and AFFIRM the dismissal of his petition.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470