**Dean Allan MILLER, Petitioner,**

v.

**Robert D. HANNIGAN, et al., Respondents.**

**No. 95–3191–DES.**

United States District Court, D. Kansas.

March 20, 1997.

Dean Alan Miller, Larned Mental Health Facility, Larned, KS, pro se.

Kevin C. Fletcher, Office of Atty. Gen., Kansas Judicial Center, Topeka, KS, for respondents.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents seek dismissal, arguing this action is a successive petition. Petitioner responds that he presents a new ground for relief and that at the time of the previous petition, he did not have the expertise to present the claim.

## Factual background

Petitioner was convicted pursuant to a guilty plea in the District Court of Butler County, Kansas, of possession of marijuana with intent to sell and failing to pay the drug dealer tax. He filed a petition for habeas corpus pursuant to § 2254 on September 15, 1993, alleging he was denied the effective assistance of counsel due to counsel's failure to file a motion to suppress evidence seized pursuant to a search warrant. The court dismissed this action on April 22, 1994, concluding the findings of the state trial and appellate courts were supported by the record. *Miller v. Marquez,* No. 93–3392–DES, 1994 WL 174130 (D.Kan.).

Petitioner commenced this action on May 1, 1995. In this petition, he again alleges ineffective assistance by his defense counsel and claims, for the first time, the Kansas Court of Appeals erroneously analyzed this issue in its decision issued on November 25, 1992.

## Discussion

Pursuant to Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1988),

"A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

■ To the extent petitioner challenges as ineffective assistance his counsel's failure to pursue a motion to suppress, this action is a successive petition, as the claim of ineffective assistance was raised and considered by the court in his earlier petition. Therefore, dismissal is appropriate unless the ends of justice would be served by reaching the merits of this petition. *Parks v. Reynolds,* 958 F.2d 989, 994 (10th Cir.1992) (quoting *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)), *cert. denied,* 503 U.S. 928, 112 S.Ct. 1310, 117 L.Ed.2d 530 (1992). This standard requires petitioner to show that a "constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

After carefully reviewing petitioner's response to the motion to dismiss, the court finds petitioner has made no such showing and concludes this claim must be dismissed as successive without further consideration.

■ Petitioner's remaining claim is that the Kansas Court of Appeals failed to properly analyze his claim of ineffective assistance. Petitioner did not include precisely this claim in his earlier petition despite the fact that the ruling was made in November 1992, several months before he commenced his first petition for federal habeas corpus. The court therefore must examine this portion of the petition to determine whether petitioner has abused the writ.

■ Abusive claims are barred unless the petitioner demonstrates both cause for the failure to raise the claim in the earlier petitioner and resulting prejudice or that a fundamental miscarriage of justice will occur if the court refuses to consider the claim. *McCleskey,* 499 U.S. at 493–95, 111 S.Ct. at 1469–71.

The showing of cause "is based on the principle that a petitioner must conduct a reasonable and diligent investigation directed at including all relevant claims and grounds for relief in the first federal habeas petition." *Worthen v. Kaiser,* 952 F.2d 1266, 1268 (10th Cir.1992) (citing *McCleskey,* 499 U.S. at 498, 111 S.Ct. at 1472–73).

Having considered the record, the court finds petitioner cannot avoid dismissal of this claim as abusive. It appears the decision of the Kansas Court of Appeals was available to petitioner at the time of the first petition for habeas corpus, and there is no showing that a fundamental miscarriage of justice will result if this claim is dismissed, as petitioner has not shown any likelihood that a constitutional violation has caused the conviction of an innocent party.

For the foregoing reasons, the court concludes respondents' motion for dismissal should be granted.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied. This matter is hereby dismissed.

The clerk of the court shall transmit copies of this Memorandum and Order to petitioner and to counsel for respondents.

**IT IS SO ORDERED.**