No. 81–6665.   JAMES v. UNITED STATES.   C. A. 9th Cir. Certiorari denied.

Opinion of JUSTICE BRENNAN, with whom JUSTICE BLACKMUN joins, respecting the denial of the petition for writ of certiorari.

Opinions supporting denial of petitions for certiorari are understandably seldom filed, but this in my view is one of the

rare cases where the filing of such an opinion is justified. Cf. *Estate of Wilson* v. *Aiken Industries, Inc.*, 439 U. S. 877 (1978) (BLACKMUN, J., concurring in denial of writ of certiorari); *Maryland* v. *Baltimore Radio Show, Inc.*, 338 U. S. 912 (1950) (Frankfurter, J., opinion respecting denial of writ of certiorari).

Petitioner, after conviction on federal criminal charges, filed a timely motion for reduction of sentence under Federal Rule of Criminal Procedure 35.  The motion was denied on July 7, 1981.  For some reason, however, notice of the denial from the Clerk of the District Court was not received by either petitioner or the United States Attorney.  Petitioner—who was incarcerated the entire time—first learned of it by happenstance in September 1981.  He promptly requested leave from the District Court to appeal out of time, and that court, after due investigation of the circumstances, granted his request.

The Government explicitly refused to contest the propriety of the appeal before the Court of Appeals for the Ninth Circuit.  Nevertheless, the Court of Appeals *sua sponte* dismissed the appeal, holding that district courts may not grant leave to appeal after the maximum extension period has passed.  See Fed. Rule App. Proc. 4(b).  The court implied that the rigidity of Rule 4(b) could not be set aside even though this petitioner was ignorant, through no fault of his own, of the denial of his Rule 35 motion throughout the period of an allowable extension.  Cf. Fed. Rule Crim. Proc. 49(c).[1]  Petitioner sought certiorari here, and the Solicitor General informed us that he "do[es] not oppose vacation of the judgment of dismissal and remand to the [C]ourt of [A]ppeals."  Memorandum for United States 1.

---

[1] In response to a letter from petitioner which the Court of Appeals construed as a motion for reconsideration, the court reaffirmed its dismissal, but expressed the view that petitioner could file a new motion under Rule 35, and then perfect an appeal from denial of such a motion.  See n. 2, *infra*.

I do not question the correctness of the Court of Appeals' construction of Federal Rule of Appellate Procedure 4(b), nor that its *sua sponte* action is consistent with the plain language of Federal Rule of Criminal Procedure 49(c). Nevertheless, if Rules 4(b) and 49(c) were truly the last word in defining petitioner's opportunity to appeal under our federal system of procedure, I would have serious doubts about the constitutionality of that system of procedure. Simply put, the application of these Rules to penalize an uncounseled and incarcerated criminal defendant for a clerical error that was none of his doing and of which he had no knowledge would seem to me not only unduly harsh but resoundingly unjust. See *Logan v. Zimmerman Brush Co.*, 455 U. S. 422, 433–437 (1982); *Boddie v. Connecticut*, 401 U. S. 371, 377–379 (1971); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 313–315 (1950).[2] But I do not think that the Court of Appeals was precluded by those Rules from affording petitioner redress. For, at least with respect to the pair of Civil Rules that directly parallel the provisions at issue here,[3] Courts of Appeals have held that in certain "unique" or "extraordinary" circumstances it would not be inconsistent with the Rules or the intent of Congress for the district court to vacate and reenter the original order to create a fresh judgment from which timely appeals could be perfected.[4] Au-

---

[2] If the Court of Appeals were right that petitioner could file a new motion under Federal Rule of Criminal Procedure 35, see n. 1, *supra*, the problems posed by its decision might be significantly mitigated. But Rule 35 sets a 120-day time limit on motions to reduce a legal sentence, and I do not understand how petitioner could bring a new Rule 35 motion at this time without facing jurisdictional obstacles even more serious than those apparent in the appeal dismissed by the Court of Appeals.

[3] See Fed. Rule App. Proc. 4(a); Fed. Rule Civ. Proc. 77(d).

[4] See, *e. g., Buckeye Cellulose Corp. v. Braggs Electric Construction Co.*, 569 F. 2d 1036, 1038–1039 (CA8 1978); *Fidelity & Deposit Co. of Maryland v. USAFORM Hail Pool, Inc.*, 523 F. 2d 744, 747–751 (CA5 1975), cert. denied, 425 U. S. 950 (1976); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 163 U. S. App. D. C. 140, 500 F. 2d 808 (1974). The Ninth Circuit itself has recognized that district

thority to do this has been found in Federal Rule of Civil Procedure 60(b), which was designed, in large part, to replace the common-law writ of *coram nobis* in civil cases. In criminal cases, the writ of *coram nobis* itself remains available whenever resort to a more usual remedy would be inappropriate.[5] See *United States* v. *Morgan,* 346 U. S. 502 (1954). Rather than *sua sponte* dismissing petitioner's appeal, the Court of Appeals might thus have considered whether the circumstances of this case warranted both treating petitioner's request to the District Court for leave to file an out-of-time notice of appeal as a motion for a writ of *coram nobis* to vacate and reenter its July 7 order, and treating the District Court's order allowing the notice of appeal to be filed as having granted such a motion. Cf. *Browder* v. *Director, Illinois Dept. of Corrections,* 434 U. S. 257, 272 (1978) (BLACKMUN, J., concurring).[6] Moreover, I would not regard the Court of Appeals' failure to take that course as foreclosing petitioner's right, within a reasonable time after our denial of certiorari today, to apply anew to the District Court for a writ of *coram nobis.* If petitioner successfully files such a motion, the Court of Appeals on appeal may, admittedly, be as inhospita-

---

courts could employ this procedure under the proper circumstances, although it has not, as best as I can tell, ever actually found such circumstances to have been shown. See *Rodgers* v. *Watt,* 680 F. 2d 1295, 1298 (1982); *Kramer* v. *American Postal Workers Union, AFL–CIO,* 556 F. 2d 929 (1977).

[5] Title 28 U. S. C. § 2255, which has taken over most of the function of the writ of *coram nobis* in federal criminal procedure, only applies to collateral attacks on underlying sentences, and could not be employed to vacate and reenter an order denying a motion under Rule 35.

[6] In the alternative, the Court of Appeals might have exercised its own residual appellate jurisdiction and remanded the matter to the District Court to allow it to vacate and reenter the order from which petitioner sought appeal. Cf. *Moody* v. *Flowers,* 387 U. S. 97, 104 (1967); *Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16, 18–19 (1934). Neither of these approaches could possibly have prejudiced the Government, since it has consistently declined to contest the jurisdictional basis of petitioner's appeal.

able to that motion as it was to his request to file an out-of-time notice of appeal. But consideration of any constitutional implications of such a holding may appropriately await the event.[7] In light of these possible avenues of relief, I agree that review by this Court at this time is not warranted, and therefore vote to deny the petition for certiorari.

---

[7] I suppose also that a holding is possible that, although *coram nobis* is an appropriate vehicle for mitigating the harshness of Rule 4(b), petitioner's circumstances are not sufficiently "extraordinary" for him to merit such relief. In that event, what constitutional issues arise in the case will at least be significantly more focused.