776 F.2d 915
 3 Fed.R.Serv.3d 593
 Sharron K. WALLACE, Plaintiff-Appellant,
v.
Patrick McMANUS, Secretary of Corrections; Sally Chandler
Halford, Director, Kansas Correctional Institute
for Women, and the State of Kansas,
Defendants-Appellees.
 No. 84-1594.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 8, 1985.
 
 Sharron K. Wallace, pro se.
 Robert T. Stephan, Atty. Gen., and Kenneth R. Smith, Asst. Atty. Gen., State of Kan., Topeka, Kan., for defendants-appellees.
 Before HOLLOWAY, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wallace, an inmate at the Kansas Correctional Institute for Women, filed an action under 42 U.S.C. Sec. 1983 (1982) asserting various civil rights claims against defendants. Wallace's attorney was allowed to withdraw from the case on June 8, 1983. On June 16, defendants filed a motion for summary judgment, which was granted by the district court on September 30. The summary judgment motion was mailed to Wallace, but notice of the district court's entry of summary judgment was sent to her former attorney, instead of to Wallace, even though the judgment was entered almost four months after the attorney had withdrawn. The attorney did not inform Wallace of the dismissal.
 
 
 2
 Wallace discovered the entry of the summary judgment on December 6, 1983, well after the time to file a notice of appeal had expired. On December 27 she filed a pro se motion with the district court for relief from the judgment or, in the alternative, for an extension of time to file a notice of appeal. The district court denied relief. We hold that the district court properly denied Wallace's request for an extension of time, but that Wallace is entitled to relief from the judgment under Fed.R.Civ.P. 60(b).
 
 I.
 
 3
 Under Fed.R.App.P. 4(a)(1), Wallace had thirty days from entry of the summary judgment to file her notice of appeal. Although Rule 4(a)(5) permits the district court to extend the time for filing this notice, the request for such an extension must be made within thirty days after the expiration of the time fixed for filing an appeal. Wallace's motion under Rule 4(a)(5) was filed well outside the additional thirty days permitted by that provision, and was properly denied. See Mayfield v. United States Parole Commission, 647 F.2d 1053 (10th Cir.1981).
 
 II.
 
 4
 Wallace alternatively asserted a claim for relief from the judgment under Fed.R.Civ.P. 60(b)(6), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for ... (6) any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is not available if the asserted grounds for relief are within the coverage of another provision of Rule 60(b). In re Emergency Beacon Corp., 666 F.2d 754, 758 (2d Cir.1981); Wm. Skillings & Associates v. Cunard Transportation Ltd., 594 F.2d 1078, 1081 (5th Cir.1979). Pro se pleadings by prisoners must be liberally construed, however, without regard for technicalities. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980); Blake v. Katter, 693 F.2d 677, 682 (7th Cir.1982); United States ex rel. Jones v. Rundle, 453 F.2d 147, 149 (3d Cir.1971). Viewed in this light, we construe Wallace's motion as seeking relief under Rule 60(b)(1), which permits the trial court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."
 
 
 5
 The issue with which we are thus faced is whether use of the Fed.R.Civ.P. 60(b)(1) excusable neglect standard to vacate the original judgment and then to reinstate it would impermissibly undermine Fed.R.App.P. 4(a)(5)'s time limitation. Under the circumstances of this case, we believe that it would not. In reaching this conclusion, we agree with the analysis set out by the Ninth Circuit in its en banc consideration of a somewhat similar fact situation. See Rodgers v. Watt, 722 F.2d 456 (9th Cir.1983) (en banc).
 
 
 6
 In Rodgers, as in this case, the clerk failed to properly comply with Fed.R.Civ.P. 77(d), which requires that immediate notice of the entry of judgment be mailed to the parties. Although Rule 77(d) also provides that lack of this notice "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed," Fed.R.App.P. 4(a)(5) furnishes one "escape hatch" from the rigidity of Rule 77(d) upon a showing of excusable neglect. Rodgers, 722 F.2d at 458. The court in Rodgers considered the relationship between Fed.R.App. 4(a)(5) and Fed.R.Civ.P. 60(b)(1), and the applicability of those rules upon a finding of excusable neglect. Id. at 458-59. The court concluded that Rule 4(a)(5), under which a motion to extend the time for filing a notice of appeal must be filed within thirty days after expiration of the time to appeal "by its terms is inapplicable to situations when notice of the entry of judgment is not received until after the thirty day period authorized for the motion." Id. at 459. The court decided that allowing relief under Fed.R.Civ.P. 60(b)(1) in such circumstances is not contrary to the policy underlying the Rule 4(a)(5) time limitation because a motion for relief "cannot be filed within sixty days if a party has no knowledge of the entry of judgment." Id. We agree that relief under Rule 60(b) should not be precluded in such situations, and is available to Wallace upon a proper showing.
 
 
 7
 We further conclude that Wallace has established excusable neglect as grounds for relief under Rule 60(b)(1). In considering the standard for excusable neglect, the court in Rodgers balanced the settled principle that Rule 60(b) is a remedial rule to be liberally construed against the compelling interest in finality of judgments. Rodgers, 722 F.2d at 459-60. It noted that courts have accommodated these competing interests by requiring a party asserting excusable neglect who has failed to learn of the entry of judgment in time to file under Rule 4(a)(5) to show, in addition to lack of notice, "due diligence to ascertain whether the judgment has been entered, or sufficient reason for the lack of such diligence." Id. at 460 (emphasis added). As a pro se prisoner, Wallace has shown sufficient reason for her failure to learn of the entry of judgment within sixty days. The Federal Rules should not be applied to penalize an uncounselled incarcerated civil rights plaintiff for a clerical error that was none of her doing and of which she had no knowledge. Accord James v. United States, 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 615 (1982) (Brennan, J.) (opinion respecting denial of petition for certiorari).
 
 
 8
 Accordingly, we conclude that Wallace is entitled to relief from the judgment. We reverse and remand this action to the district court with directions to grant appropriate relief under Rule 60(b).
 
 
 9
 Reversed and remanded.