857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Unal BAKAK, Defendant-Appellant.
 No. 87-7187.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 29, 1988.
Decided: Sept. 6, 1988.
 
 Unal Bakak, appellant pro se.
 Charles Preston Scheeler, James Christopher Savage (Office of the United States Attorney), for appellee.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Unal Bakak appeals the denial of his Fed.R.Crim.P. 35 motion. We remand the matter for further proceedings and findings to address Bakak's claim of excusable neglect for filing a late notice of appeal. On March 24, 1987, the district court denied Bakak Rule 35 relief. By letter dated April 10, 1987, Bakak's attorney informed him that the motion had been denied and that the appeal period had expired. The attorney explained to Bakak that he could request an extension on the basis of excusable neglect. Bakak filed his appeal on April 21, 1987, accompanied by a copy of the letter from his attorney which we think should have been treated as a motion for an extension of time to appeal. This motion was not acted on by the district court although a second request in December, 1987 was summarily denied.
 
 
 2
 A finding of excusable neglect is appropriate when a party received no notice of entry of judgment or when extraordinary and/or unique circumstances occur. Redfield v. Continental Casualty Corp., 818 F.2d 596, 602 (7th Cir.1987) (under appropriate circumstances, failure to learn of entry of judgment will support finding of excusable neglect); Wallace v. McManus, 776 F.2d 915, 917 (10th Cir.1985) (pro se plaintiff was entitled to relief from judgment on ground of excusable neglect where notice of entry of judgment was sent to former attorney instead of plaintiff); Cosmopolitan Aviation Corp. v. New York State Dep't of Transp., 763 F.2d 507, 514 (2d Cir.) (under appropriate circumstances, failure to hear that judgment has been entered may be the basis for a finding of excusable neglect), cert. denied, 474 U.S. 1032 (1985).
 
 
 3
 We note also that Bakak is blameless for the delay in noting his appeal. Cf. Augusta Fiberglass Coatings v. Fodor Contracting Corp., --- F.2d ----, No. 87-2551 (4th Cir. Apr. 7, 1988) (justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney).
 
 
 4
 Bakak's letter, filed timely in April, requesting an extension of time along with his notice of appeal should be treated as an application of extension of time to appeal and ruled upon by the district court. In so doing, the district court should articulate any specific findings or reasoning to support its conclusion as to whether a showing of excusable neglect has been made. In light of the fact Bakak, solely on account of the fault of his attorney, appears not to have received notice of the order until after the appeal period had expired, and in view of the cases finding excusable neglect where there has been a failure to learn of entry of judgment, we vacate the judgment of the district court and remand the matter for further consideration in accordance with this opinion.
 
 
 5
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record.
 
 
 6
 VACATED AND REMANDED.