**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONALD GEE,

      Petitioner-Appellant,

v.

DUANE SHILLINGER, Warden of the
Wyoming State Penitentiary and the
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

      Respondents-Appellees.

No.  96-8071
(D.C. No. 93-CV-81)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Donald Gee appeals from the district court's denial of his Fed. R. Civ. P. 60(b) motion filed in his fourth petition for a writ of habeas corpus, 28 U.S.C. § 2254. In 1994, the district court denied Mr. Gee's fourth petition and that denial was affirmed. See Gee v. Shillinger, No. 94-8050, 1994 WL 697306 (10th Cir. Dec. 13, 1994). Mr. Gee filed his Rule 60(b) motion in 1996. In his motion, Mr. Gee asserted that the Supreme Court had created a new rule of law in Schlup v. Delo, 513 U.S. 298 (1995), which should be applied to his case. In *Schlup*, a capital case, the Supreme Court announced the standard governing a habeas court's review of a successive petition where the petitioner cannot show cause and prejudice for his procedural bar. The court held "that the [Murray v.] Carrier[, 477 U.S. 478, 495 (1986)] 'probably resulted' standard rather than the more stringent Sawyer [v. Whitley, 505 U.S. 333, 347 (1992)] standard must govern the miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims." Schlup, 513 U.S. at 326-27.

The district court held that it could not grant Mr. Gee relief under Rule 60(b)(6), the only section of Rule 60(b) under which Mr. Gee could

seek relief, as his argument that *Schlup* represented an intervening change in the law was not a circumstance justifying relief. The court further concluded that even were an intervening change in the law an event justifying Rule 60(b)(6) relief, the change at issue here did not apply to Mr. Gee.

Initially we must address our jurisdiction over this appeal. Although we have not spoken directly on this issue, appellate courts have generally agreed that a post-judgment Rule 60(b) motion is to be considered a "second or successive" petition for purposes of § 2244(b). See Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997); see also Felker v. Turpin, 101 F.3d 657, 660-61 (11th Cir.) (same), cert. denied, 117 S. Ct. 451 (1996); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996) (district court correctly construed petitioner's Rule 60(b) motion as a second habeas petition), cert. denied, 117 S. Ct. 2518 (1997).

Thus construed, Mr. Gee must comply with the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA requires a petitioner to obtain prior authorization from this court before filing a successive petition in the district court. See 28 U.S.C. § 2244(3)(A). As he failed to do so, the district court lacked jurisdiction to decide his second petition and the court's order must be vacated. See United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

We will consider Mr. Gee's notice of appeal as an implied application for leave to file another § 2254 petition in the district court. See id. at 1349. Mr. Gee argues that the new law announced in *Schlup* should be applied to his case. We agree with the district court that the "new rule of law" announced in *Schlup* is not applicable to Mr. Gee as *Schlup* only clarifies the application of the "fundamental miscarriage of justice" standard for successive petitions, pertaining to claims of actual innocence. See Schlup, 513 U.S. at 316. *Schlup* does not create a new, relevant rule of law which was not reasonably available to Mr. Gee when he filed his previous habeas petitions.[1] Therefore, we conclude that Mr. Gee has not made the prima facie showing necessary to satisfy AEDPA's criteria. See Avila-Avila, 132 F.3d at 1349.

---

[1] Thus, were we to consider this a properly made Rule 60(b)(6) motion, we would likewise deny relief on the basis that the district court did not abuse its discretion in its ruling. See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir. 1994) (district court's determination of Rule 60(b) motion is reviewed for abuse of discretion); Robison v. Maynard, 958 F.2d 1013, 1018 (10th Cir. 1992) (same in habeas context).

The judgment of the district court is VACATED. Mr. Gee's implied application for leave to file a successive § 2254 petition in the district court is DENIED. The mandate shall issue forthwith.


Entered for the Court


Mary Beck Briscoe
Circuit Judge