**UNITED STATES of America,**

v.

**Melvin L. BROWN, Movant.**

**Nos. 93–20050–01, 96–3454–EEO.**

United States District Court,
D. Kansas.

May 29, 1998.

324

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's motion to alter or amend judgment

(Doc. # 96). On January 29, 1997, the court entered a memorandum and order denying defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant did not receive a copy of the court's January 29 Order until April 27, 1998, after defendant inquired into the status of his motion. Defendant filed the instant motion on May 18, 1998. Defendant requests that the court consider its January 29, 1997 Order issued as of April 27, 1998, the date defendant received the order, for purposes of computing the deadline for defendant to file a notice of appeal. For the reasons set forth below, the court will grant defendant's motion, vacate its January 29 Order, and enter a memorandum and order denying defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### Jurisdiction

■ Defendant has brought his motion pursuant to Federal Rule of Civil Procedure 60(b). The Tenth Circuit has held that post-judgment rule 60(b) motions generally should be treated as second or successive petitions for purposes of 28 U.S.C. § 2244(b). *See Lopez v. Douglas,* 141 F.3d 974, 975–76 (10th Cir.1998); *Gee v. Shillinger,* No. 96–8071, 139 F.3d 911, 1998 WL 67286, at *1 (10th Cir. Feb. 18, 1998). Accordingly, a defendant generally must obtain prior authorization by the Court of Appeals before the district court has jurisdiction to decide the rule 60(b) motion. *See Lopez,* 141 F.3d at 975–76; *Gee,* 1998 WL 67286, at *1.

■ Defendant's rule 60(b) motion does not fall into the category of a "second or successive" motion pursuant to 28 U.S.C. § 2244(b). Defendant does not seek to have his conviction set aside by the instant motion, but rather he seeks to preserve his right to appeal the court's order denying his original section 2255 motion. *Cf., United States v. Rich,* 141 F.3d 550, 550–52 (5th Cir.1998) (treating rule 60(b) motion which seeks to set aside conviction as a section 2255 motion). Defendant's motion, which was necessitated by the clerk's office failure to send defendant a copy of the court's memorandum and order denying his section 2255 petition, simply cannot be characterized as an abuse of the writ,

the practical equivalent of a second section 2255 petition, or an attempt to circumvent the restraints on successive habeas petitions. *See Lopez,* 141 F.3d at 975–76 ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions.") (quoting *Felker v. Turpin,* 101 F.3d 657, 661 (11th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996)); *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir.1996) ("We agree with those circuits that have held that a Rule 60(b) motion is the practical equivalent of a successive habeas corpus petition. . . ."), *cert. denied,* —— U.S. ——, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997). In these unique circumstances, however, we find that we have jurisdiction to hear the rule 60(b) motion without prior authorization by the Tenth Circuit.

### Standards For Motions To Alter or Amend

■ Defendant seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6). Under rule 60(b)(6), the court can relieve a party from "a final judgment, order, or proceeding for ... any ... reason justifying relief from the operation of the judgment." Generally, only "extraordinary situations" justify relief under rule 60(b)(6), particularly those in which relief from judgment "is appropriate to accomplish justice." *Collins v. City of Wichita,* 254 F.2d 837, 839 (10th Cir.1958); *see Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.,* 962 F.2d 1528, 1533 (10th Cir.), *cert. denied,* 506 U.S. 956, 113 S.Ct. 414, 121 L.Ed.2d 337 (1992). Relief under rule 60(b)(6) is discretionary. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). In exercising its discretion under rule 60(b)(6), a district court should take into consideration a number of relevant factors, including: (1) the general desirability that a final judgment should not be lightly disturbed; (2) the procedure provided by the rule is not a substitute for an appeal; (3) the rule should be liberally construed for the purpose of doing substantial justice; (4) whether the motion is made within a reasonable time; (5) whether there are any intervening equities which make it inequitable to grant relief; and (6) any other factor that is relevant to the justice

of the order under attack. *See Lasky v. Continental Prods. Corp.*, 804 F.2d 250, 256 (3d Cir.1986) (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.19, at 60-164—60-165 (2d ed.1985)).

## Analysis

A party's lack of notice of a final order or judgment normally does not alter the time period to appeal the order. *See* Fed.R.Civ.P. 77(d). Moreover, district courts generally are not authorized to relieve a party for failure to timely file an appeal, except as permitted by rule 4 of the Federal Rules of Appellate Procedure. *See id.* Federal Rule of Appellate Procedure 4(a)(5) authorizes a district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal if a motion for extension of time is filed within 30 days of the expiration of the time for appeal. In 1991, subsection (6) was added to Federal Rule of Appellate Procedure 4(a). Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time for appeal for 14 days, if the court finds that a party entitled to notice of a judgment or order did not receive such notice within 21 days of its entry, no party would be prejudiced, and a party files a motion requesting the extension of time within 180 days of entry of the judgment or order, or within 7 days of receipt of such notice, whichever is earlier. Federal Rule of Appellate Procedure 4(a)(5) and (6) clearly do not apply in this case as defendant did not receive notice of the court's order until April 1998, well over one year after the order was entered.

Given that defendant does not qualify for relief under Federal Rule of Appellate Procedure 4(a)(5) or (6), we must determine if relief under Federal Rule of Civil Procedure 60(b) is appropriate. In circumstances where a party does not receive notice of an order until after the time for requesting an extension under Federal Rule of Appellate Procedure 4 has expired, district courts often vacate their original orders pursuant to Fed-eral Rule of Civil Procedure 60(b) and reissue the orders so that the party not receiving notice can timely file a notice of appeal. *See, e.g., Lewis v. Alexander*, 987 F.2d 392, 396-97 (6th Cir.1993); *Harnish v. Manatee County, Fla.*, 783 F.2d 1535, 1538 (11th Cir. 1986); *Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir.1985); *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983); *Buckeye Cellulose Corp.v. Braggs Elec. Constr. Co.*, 569 F.2d 1036, 1038 (8th Cir.1978); *Fidelity & Deposit Co. v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 750-51 (5th Cir.1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976); *Expeditions Unlimited Aquatic Enterprises, Inc., v. Smithsonian Institute*, 500 F.2d 808, 810 (D.C.Cir.1974); *Cavalliotis v. Salomon*, 357 F.2d 157, 159 (2d Cir.1966). Each of these cases, except *Lewis*, was decided before the 1991 Amendments to the Federal Rules of Appellate Procedure, which added rule 4(a)(6). Accordingly, we must determine whether Federal Rule of Civil Procedure 60(b) relief is available when a party, through no fault of his or her own, does not qualify for the relief in Federal Rule of Appellate Procedure 4(a)(5) and (6).[1]

In *Wallace*, a prison inmate filed an action pursuant to 42 U.S.C. § 1983 against various prison and state officials. *See id.* at 916. After the inmate's attorney withdrew from the case, the court granted summary judgment in favor of the defendants. Plaintiff did not receive notice of the court's order until 67 days after the court entered the order. *See id.* Plaintiff filed a pro se motion for relief from the judgment or, in the alternative, for an extension of time to file a notice of appeal. *See id.* The district court denied the plaintiff's motion. *See id.* The Tenth Circuit held that although the district court properly denied relief under Federal Rule of Appellate Procedure 4(a)(5), the district court erred by denying relief under rule 60(b). *See id.* at 916-17. The Tenth Circuit concluded that allowing relief under rule 60(b) would not undermine the time limitations of Federal Rule of Appellate Procedure 4(a)(5), despite the express language of Fed-

---

**1.** The Tenth Circuit has not directly addressed this issue. *See Jenkins v. Burtzloff*, 69 F.3d 460, 464 n. 8 (10th Cir.1995) ("We need not and do not state an opinion pro or con regarding wheth-er any remedies or relief would be available to a prisoner with delayed mail who fails to qualify for a Fed.R.App.P. 4(a) extension through no fault of his or her own.").

eral Rule of Civil Procedure 77(d), which authorizes extensions of the time to appeal only as provided by Federal Rule of Appellate Procedure 4(a). *See id.* at 917.

■ Applying the reasoning of *Wallace,* we believe that the Tenth Circuit would find that relief under rule 60(b) may be appropriate in some circumstances where a pro se prisoner fails to receive notice of an order within 180 days of its entry and therefore cannot take advantage of Federal Rule of Appellate Procedure 4(a)(5) or (6). The Tenth Circuit explained in *Wallace* that "Fed. R.App.P. 4(a)(5) furnishes one 'escape hatch' from the rigidity of Rule 77(d) upon a showing of excusable neglect." *Id.* at 917 (emphasis added) (citing *Rodgers,* 722 F.2d at 458). Likewise, Federal Rule of Appellate Procedure 4(a)(6) furnishes an additional escape hatch, but Federal Rule of Appellate Procedure 4(a)(5) and (6) are not the exclusive means for effectively extending the time to appeal an order of the district court. If relief under Federal Rule of Appellate Procedure 4(a)(5) and (6) is unavailable, then rule 60(b) is available to prevent manifest injustice. As the Tenth Circuit stated in *Wallace,* "[t]he Federal Rules should not be applied to penalize an uncounselled incarcerated civil rights plaintiff for a clerical error that was none of her doing and of which she had no knowledge." 776 F.2d at 917. The basis of the Tenth Circuit's decision in *Wallace* was that the 60-day (or 90-day in cases involving the United States) time limit provided in Federal Rule of Appellate Procedure 4(a)(5) may be insufficient to provide relief to a pro se prisoner who does not receive any notice until after the 60-day period has expired. The same rationale applies to Federal Rule of Appellate Procedure 4(a)(6)—the 180-day time limit may be insufficient in some pro se prisoner cases and could result in substantial injustice if viewed as a litigant's exclusive remedy.

■ We recognize that Federal Rule of Appellate Procedure 4(a)(5) and (6) may provide the exclusive remedies for extensions of time to file a notice of appeal in a normal civil case where the parties are represented by attorneys. Indeed, courts have noted that attorneys have a duty to keep advised of the status of their cases and, therefore, should discover the entry of an order within 180 days even if the clerk's office fails to notify the attorney directly. *See Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 359–61 (8th Cir.1994). This apparently is the basis of the 180-day time limit in Federal Rule of Appellate Procedure 4(a)(6). *See* Advisory Committee Notes to the 1991 Amendments ("This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of a judgment"). We decline, however, to apply this rigid time limit in the case of a pro se prisoner who does not receive notice because the clerk's office simply failed to mail him a copy. Although defendant apparently did not check on the status of his case for over one year, this delay may be reasonable in light of the fact that rulings on section 2255 motions sometimes take a considerable length of time. Of course, there is some limit on the amount of time that can pass before a pro se prisoner requests that a judgment be vacated because he or she did not receive notice of the judgment. Based on the facts and circumstances of this case, however, we find that defendant checked on the status of his case within a reasonable amount of time and promptly filed a motion to vacate the judgment after receiving notice.[2] We also conclude that the government is not prejudiced if the court vacates and reenters its previous order. The government is faced only with the normal risks and costs of appeal which would have been present had the clerk's office timely sent defendant a copy of the court's original order.

In reaching our conclusion, we also find persuasive the Supreme Court's reasoning in *James v. United States,* 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 615 (1982). In *James,* the defendant timely filed a motion for reduc-

---

**2.** We recognize that our conclusion cannot be fully reconciled with the Eighth Circuit's decision in *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357 (8th Cir.1994). We find that *Zimmer,* however, is inconsistent with the Tenth Circuit's reasoning in *Wallace* and should not be applied in the case of a pro se prisoner who does not have the same duty as a licensed attorney to keep apprised of the status of his or her case.

tion of his sentence pursuant to rule 35 of the Federal Rules of Criminal Procedure. *Id.* at 1045, 103 S.Ct. at 466. The court denied defendant's motion, but notice of the denial was not received by either the defendant or the United States Attorney until after the time for appeal had run. *Id.* Defendant requested leave to appeal out of time and the district court granted his request. *Id.* The Ninth Circuit *sua sponte* dismissed the appeal "holding that district courts may not grant leave to appeal after the maximum extension period has passed [under rule 4(b) ]." *Id.* The Supreme Court denied defendant's petition for writ of certiorari, but Justice Brennan, in an opinion joined by Justice Blackmun, noted that the defendant was not precluded from filing a motion for a writ of coram nobis to vacate and reenter the order denying defendant's rule 35 motion. *Id.* at 1047, 103 S.Ct. at 467. Justices Brennan explained that "if Rules 4(b) and 49(c) [which are parallel rules to Fed.R.App.P. 4(a) and Fed.R.Civ.P. 77(d) ] were truly the last word in defining petitioner's opportunity to appeal under our federal system of procedure, I would have serious doubts about the constitutionality of that system of procedure. Simply put, the application of these Rules to penalize an uncounselled and incarcerated criminal defendant for a clerical error that was none of his doing and of which he had no knowledge would seem to me not only unduly harsh but resoundingly unjust." *Id.* at 1046, 103 S.Ct. at 466.

IT IS THEREFORE ORDERED that defendant's motion to alter or amend judgment (Doc. # 96) is granted.

IT IS FURTHER ORDERED that the court's January 29, 1997 Memorandum and Order (Doc. # 95) is hereby vacated. The court will, contemporaneously with the entry of this order, enter a Memorandum and Order denying defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The clerk is directed to forward a copy of this Memorandum and Order to the defendant and the office of the United State's Attorney.