Kevin James MILLER, et al., Plaintiffs,

v.

RYDER TRUCK RENTAL, INC.,
et al., Defendants.

CIV. No. AMD 97–1042.

United States District Court,
D. Maryland.

Nov. 20, 2000.

Matt M. Paavola, Paavola & Paavola, Baltimore, MD, ·Stephen J. Hughes, Treanor, Pope & Hughes, Towson, MD, for plaintiffs.

Robert L. Ferguson, Jr., Michael N. Russo, Jr., Ferguson, Schetelich & Heffernan, P.A., Baltimore, MD, Robert K. Nead, Sandra B. Minton, Nead, Karey & Milton, Towson, MD, for defendants.

## MEMORANDUM

DAVIS, District Judge.

This is an action for wrongful death arising out of a motor vehicle collision. On July 30, 1999, I granted Defendants' motion for summary judgment and entered judgment against Plaintiffs. Plaintiffs have now moved for relief from judgment. For the reasons explained below, I am constrained to deny the motion.

Plaintiffs' motion is predicated on lack of notice. Plaintiffs' counsel never received notice from the clerk of the entry of judgment in favor of Defendants; counsel only learned of the entry of judgment when they contacted defense counsel more than a year later. Plaintiffs contend that because relief under Fed.R.App.P. 4(a)(6) is now time-barred, relief under Fed.R.Civ.P. 60(b)(6) should be granted to prevent manifest injustice. The issue presented is whether relief can be

granted pursuant to Fed.R.Civ.P. 60(b)(6)[1] to restore a litigant's right to appeal which is lost for lack of notice of the entry of an adverse judgment, but like relief is time-barred by Fed.R.App.P. 4(a)(6).[2] The weight of authority compels the conclusion that the 1991 amendments to Fed. R.App. P. 4(a) preclude use of Fed.R.Civ.P. 60(b) for this purpose. Accordingly, Plaintiffs' motion must be denied.

On July 30, 1999, in consequence of my grant of summary judgment in favor of Defendants, the clerk entered a final judgment in favor of Defendants against Plaintiffs. This commenced the 30–day period for filing a notice of appeal. *See* Fed.R.Civ.P. 54(a); Fed.R.App.P. 4(a)(1).

Defendants' counsel received notice of the order by facsimile from the clerk on the day the judgment was entered. Defense counsel then monitored the court docket by computer and telephone calls to the clerk during the 30–day period for filing an appeal. When no timely notice of appeal was filed, defense counsel closed their file.

Plaintiffs' counsel contacted Defendants' counsel more than a year later, on August 18, 2000, seeking defense counsel's agreement that the parties should make a joint request to the court for disposition of pending motions, including the motion for summary judgment. In other words, for more than an entire year, Plaintiffs' counsel never checked the docket to determine the status of the case or the status of pending motions. In any event, Defendants' counsel informed Plaintiffs' counsel that a final disposition had been entered more than a year earlier.

On August 29, 2000, Plaintiffs filed the instant motion, arguing that because notice of the entry of summary judgment was not received by counsel, manifest injustice would result if an opportunity to appeal from the adverse judgment is not restored. Accordingly, Plaintiffs seek to have me exercise my discretion pursuant to the equitable principles embodied in Fed.R.Civ.P. 60(b)(6) to vacate and reenter the judgment, thereby restoring their right to appeal. Defendants vigorously oppose the Plaintiffs' motion.

Federal Rule of Appellate Procedure 4(a)(6) was amended in 1991 and that amendment prohibits the restoration of appellate rights for lack of notice of entry of judgment in the circumstances presented herein. The Notes of the Advisory Committee on Appellate Rules explain that the purpose of the 1991 amendment was to provide

> a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.... This Provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of a judgment....

"The plain language of ... Fed.R.App.P. 4(a)(6) ... addresses specifically the problem of lack of notice of a final judgment.... [and that] specificity... precludes the use of Fed. R.Civ.P. 60(b)(6) to cure problems of lack of notice." *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 361 (8th Cir.1994). The *Zimmer* Court reasoned that because the language

1. Fed.R.Civ.P. 60(b) states in part:
   **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any ... reason justifying relief from the operation of the judgment.

2. Fed.R.App.P. 4(a)(6) states:
   **Reopening the Time to File an Appeal.**
   The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
   (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier:
   (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
   (C) the court finds that no party would be prejudiced.

delineates a specific period during which the period for appeal may be reopened ... the district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired.

*Id.; accord Mitchell v. Burt Vetterlein & Bushnell PC,* 197 F.3d 421, 427 (9th Cir. 1999).[3]

Plaintiffs rely on outdated case law for the proposition that when relief is time-barred by Fed.R.App.P. 4(a)(6), Fed.R.Civ.P. 60(b) is available to prevent manifest injustice. Plaintiffs cite two post–1991 cases in support of their argument: *U.S. v. Brown,* 179 F.R.D. 323 (D.Kan.1998), and *Lewis v. Alexander,* 987 F.2d 392 (6th Cir.1993). The Tenth Circuit has expressly rejected the reasoning of *Brown, see Clark v. Lavallie,* 204 F.3d 1038, 1040 (10th Cir.2000), and *Lewis* does not address the issue at bar.[4]

While the Fourth Circuit has not yet addressed the issue, I have no reason to believe it will reject the view that Fed.R.Civ.P. 60(b) may not be used to circumvent the time constraints prescribed by Fed.R.Civ.P. 4(a)(6). This is a harsh result which I regret. Nevertheless, the law is clear and Plaintiffs' motion must be denied. A separate order is entered herewith.

---

**3.** *See also Perfetto v. Kuhlmann,* 152 F.3d 920, 1998 WL 398814 *7 (2d Cir.1998)(holding that district courts are barred by Fed.R.App.P. 4(a)(6)'s 180–day rule from reopening the time to appeal); *Harris v. Hofbauer,* 191 F.3d 452, 1999 WL 777656 *1–2 (6th Cir.1999)("Lack of notice of the entry of a judgment by the clerk does not affect the time to appeal or authorize the court to relieve a party from failure to appeal, except as permitted by Fed.R.App.P. 4(a).").

**4.** *Lewis* did not involve a request to file an appeal outside the 180–day period prescribed by Fed. R.App.P. 4(a)(6). Accordingly, the interplay between Rule 60(b)(6) and Rule 4(a)(6) was not at issue. The *Lewis* court said nothing about whether relief can be sought pursuant to Rule 60(b) when it is time barred by Rule 4(a)(6).