VICTOR MARRERO, United States District Judge.
Petitioner Jose Pena ("Pena") filed this motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (" Rule 60(b)"). (See"Motion," Dkt. No. 9.)[1] For the reasons discussed below, Pena's Motion is DENIED.
I. BACKGROUND
Pena is currently serving a sentence of life imprisonment after a jury found him guilty of one count of conspiracy to commit murder for hire in violation of *579 18 U.S.C. § 1958, two counts of murder for hire in violation of 18 U.S.C. § 1958, and two counts of murder through use of a firearm during a crime of violence in violation of 18 U.S.C. § 924 (j). (See Dkt. No. 3 at 1, 3.)
On June 7, 2016, Pena moved to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming that he was denied his Sixth Amendment right to the effective assistance of counsel and challenging the legality of his sentence in light of Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which voided the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). (See" § 2255 Motion," Dkt. No. 1.) The Court denied Pena's § 2255 Motion on June 27, 2016. ("June 2016 Decision," Dkt. No. 3.)
On May 31, 2017, Pena filed a Rule 60(b) motion requesting that the Court reopen his § 2255 proceeding and enter a new judgment in order for him to be able to timely appeal the June 2016 Decision. (See Dkt. No. 4.) According to Pena, he never received a copy of the June 2016 Decision because the Clerk's office did not mail him a hard copy, and Pena became aware of the decision only on May 18, 2017 "when it showed up on the electronic law library" at the United States Penitentiary Allenwood where he is incarcerated. (See id. at 2.)
On June 2, 2017, the Court granted Pena's request and ordered that "[t]he time for defendant Jose Pena to file a Notice of Appeal from this Court's Order dated 6-27-16 (Docket No. 3 in Case No. 16 Civ. 4261) is extended [to] 7-17-17." (Dkt. No. 5.) On July 6, 2017, Pena filed a notice of appeal. (See Dkt. No. 6.)
The Court of Appeals for the Second Circuit denied Pena's motion, finding that the notice of appeal was untimely filed. (See Dkt. No. 10.) The Court of Appeals held that "[a]lthough the district court's order purported to extend the time to appeal, it lacked jurisdiction to do so because Appellant's May 2017 motion was not timely filed under Fed. R. App. P. 4(a) (5) or (6)." (Id. ) The Court of Appeals also instructed that "the district court could not use Fed. R. Civ. P. 60(b) to avoid the time limits of Rule 4." (Id. )
Pena filed the instant Motion, docketed on November 11, 2017, to again request that the Court reopen his § 2255 proceeding and enter a new judgment in order to allow Pena to appeal the June 2016 Decision.
II. LEGAL STANDARD
Under Federal Rule of Civil Procedure 77(d), "[l]ack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).
Federal Rule of Appellate Procedure 4(a)(1)(A) provides that "[i]n a civil case ... the notice of appeal ... must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a) (1) (A).
Pursuant to Federal Rule of Appellate Procedure 4(a) (5) (A) :
The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
Fed. R. App. P. 4(a)(5)(A).
However, "[n]o extension under this Rule 4(a) (5) may exceed 30 days after the *580 prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).
Under Federal Rule of Appellate Procedure 4(a)(6) :
The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if ... (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; [and] (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.
Fed. R. App. P. 4(a)(6).
Pena brings his Motion pursuant to Rule 60(b), which states:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
Fed. R. Civ. P. 60. "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting Montco, Inc. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 760 (2d Cir. 1981) ). "In no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." Id.
III. DISCUSSION
Pena's May 2017 motion was filed approximately eleven months after the June 2016 Decision and the November 2017 Motion was filed approximately seventeen months after the June 2016 Decision. Thus, Pena is time-barred from appealing under both Rule 4(a)(5) and (6). See Fed. R. App. P. 4(a)(5)-(6).
The Court of Appeals has made clear that the time limits set forth in the Federal Rules of Appellate Procedure are jurisdictional in nature and cannot be avoided by Rule 60(b). (See Dkt. No. 10); see also U.S. ex rel. McAllan v. City of New York, 248 F.3d 48, 52 (2d Cir. 2001) ("In essence, appellant's solution to his late discovery of the deadline-triggering order sought to expand appellate jurisdiction by asking the district court to re-write history and 're-issue' his order from which a 'timely' appeal could then be taken. New jurisdictional life cannot be breathed into an appeal whose filing time has already expired ...."); Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").
While Rule 60(b)(6) had been used to grant relief when a party did not receive notice of a judgment or order in time to file an appeal, the majority of such cases predate the 1991 amendment to Appellate Rule 4(a) (6), which explicitly provides additional *581 time to appeal for a party who belatedly learns of an entry of judgment or order. See 11 Wright, Miller & Kane, Federal Practice & Procedure § 2864 (3d ed.). In light of the amendment, most courts have held that it is no longer appropriate to use Rule 60 (b) as a means of extending the time to appeal in lack-of-notice cases. See id.
Courts have noted that the Notes of the Advisory Committee on Appellate Rules explain that the purpose of the 1991 amendment was to provide
a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal .... This Provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of a judgment ....
Miller v. Ryder Truck Rental, Inc., 198 F.R.D. 70, 71 (D. Md. 2000). Thus, in Miller, where plaintiff's counsel did not learn of the entry of judgment in favor of defendants until more than a year after the judgment was issued, the Court concluded that "[t]he plain language of ... Fed. R. App. P. 4(a) (6)... addresses specifically the problem of lack of notice of a final judgment ... [and that] specificity ... precludes the use of Fed. R. Civ. P. 60(b) (6) to cure problems of lack of notice." Id. (quoting Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 361 (8th Cir. 1994) (internal quotation marks omitted) (alterations in original) ); see also In re Stein, 197 F.3d 421, 426 (9th Cir. 1999), as amended on denial of reh'g (Jan. 5, 2000) ("In fine, Rule 4(a) and Rule 77(d) now form a tessellated scheme; they leave no gaps for Rule 60(b) to fill."); Berg v. Metrish, No. 07-14565, 2015 WL 9582742, at *1 (E.D. Mich. Oct. 5, 2015), report and recommendation adopted, No. 07-14565, 2015 WL 9489600 (E.D. Mich. Dec. 30, 2015) ( Rule 60(b) (6) could not be used to allow incarcerated pro se petitioner additional time outside the limits of Fed. R. App. P. 4(a)(6) to appeal order denying habeas corpus petition when petitioner did not receive notice of the order).
Washington v. Ryan, 833 F.3d 1087 (9th Cir. 2016), upon which Pena relies (see Dkt. No. 12), does not hold otherwise. In Washington, the Court held that relief was required under Rule 60(b)(1) or 60(b)(6) for a death row inmate who filed a notice of appeal one day late due to a paralegal's error in calculating the filing deadline. See Washington, 833 F.3d at 1089. The Court noted numerous times that Washington's case was "exceptional" and made clear that "Washington's case is not a lack-of-notice case." Id. at 1092. By contrast, Pena's case is plainly a lack-of-notice case. The Court in Washington even acknowledged explicitly that "[a]fter the addition of Rule 4(a) (6)... Rule 60(b) is not available to restore appeal rights in lack-of-notice cases." Id. at 1093.
In sum, despite the severe consequences, the Court cannot use Rule 60(b) to restart the time for Pena to file an appeal. Accordingly, the Court denies the Motion.
IV. ORDER
For the reasons stated above, it is hereby
ORDERED that the motion (Dkt. No. 9) of petitioner Jose Pena for relief from judgment under Federal Rule of Civil Procedure 60(b)(1)-(6) is DENIED.
SO ORDERED.

All references to the docket are to 16-cv-4261 unless otherwise noted.